EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARMANDO DELGADO VEGA, acusado y apelante.

*Número:* CR-63-31      *Resuelto:* 21 de junio de 1963

*Víctor Velasco Gordils,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Mientras un policía estatal hacía la ronda por las calles del viejo San Juan, observó cuando un individuo

se inclinaba sobre otro que estaba sentado en la acera y recostado sobre la pared de un edificio y le introducía la mano en el bolsillo. El perjudicado estaba dormitando. Al darse cuenta de lo sucedido manifestó que le habían sustraído el dinero que tenía en el bolsillo. El policía detuvo al otro y ocupó 41¢ que tenía en las manos. Llevó a ambos a presencia del juez investigador. Se radicó acusación por hurto mayor. Arts. 426 y 428 del Código Penal, 33 L.P.R.A. secs. 1681 y 1683.

El jurado declaró culpable al acusado. La única prueba que tuvo ante sí el jurado fue la declaración del policía que antes relatamos. La defensa no presentó prueba.

■ El policía declaró que " . . . El juez lo acusó de hurto mayor y cuando salimos para afuera este señor amenazó a Vergara [el perjudicado] con que él estaba impuesto a ir a presidio". [sic] El juez inmediatamente que oyó esta expresión instruyó al jurado en el sentido de que ". . . Las damas y caballeros del jurado no la considerarán por entenderse que es inmaterial". Así se curó cualquier error que pudiera haberse cometido. *Pueblo* v. *Verdejo Meléndez*, 88 D.P.R. 207 (1963).

■ El fiscal le pidió al testigo de cargo que demostrara en qué forma habían sucedido los hechos, que le demostrara al jurado cómo estaba el perjudicado y el acusado. La defensa sostiene que esto era improcedente pues equivalía a realizar "un experimento o reconstrucción del suceso a base de circunstancias distintas a como sucedieron los hechos según lo declarado por el testigo presencial".

Es en extremo frívolo el apuntamiento. El testigo lo único que hizo fue demostrarle al jurado gráficamente la posición en que él observó a los protagonistas del acto que dio margen a la acusación. No se realizó experimento alguno.

■ El juez le preguntó al testigo "¿Usted dice que el perjudicado se despertó o abrió los ojos y manifestó, 'Este me sacó el dinero del bolsillo'?" El testigo contestó "Si, señor" y el juez preguntó "¿Qué dijo en ese momento el acusado?" a lo

que contestó el testigo "No dijo nada. Me dio el dinero. Eso fue todo." Sostiene que se comentó el silencio del acusado. Invoca a *Pueblo* v. *Álvarez Trinidad*, 85 D.P.R. 593 (1962). El caso de Trinidad es distinto. Allí el juez instruyó al jurado así:

". . . Normalmente (una) admisión la hace la parte misma pero otras veces se puede hacer por adopción, o sea, que no es la parte quien habla sino que la parte adopta, incorpora ese sentir, manifestaciones de otra parte, esa conducta la hace suya. Me voy a explicar: Se está investigando un asesinato, no se sabe quien ha matado a la víctima, me llaman a mí para investigación y yo estoy en la oficina del fiscal, yo no hablo; entonces llega el Lic. Franco Santiago y le dice al Fiscal: 'A ese muerto que están investigando quien lo mató con un tiro fue Idrach; Idrach fue quien lo mató.' Yo estoy oyendo eso, yo no digo nada, la ley dice que ésa es una admisión por adopción. La ley contempla que yo debo saltar y decir: 'No es verdad eso, yo no fui.' Pero si yo me quedo callado eso constituye una admisión por adopción."

En este caso no hay comentario alguno sobre el silencio del acusado y el juez instruyó al jurado correctamente al decirles:

"También debo decirles que el acusado tiene un derecho sagrado; todo acusado lo tiene en un caso de esta naturaleza, en todo caso criminal. Ese derecho sagrado, ese privilegio que tiene el acusado, es el de no declarar si así lo desea, o de declarar si así lo estimare él necesario y pertinente. En este caso en particular el aquí acusado Armando Delgado Vega no ha declarado. Yo le prevengo al jurado que el mero hecho de que el acusado no haya declarado no debe ni puede levantar inferencia de clase alguna ni deben ustedes tomar ese hecho en consideración. Sólo el fiscal es quien viene obligado a probar, con su prueba, la culpabilidad del acusado fuera de toda duda razonable, sin necesidad de que la Defensa presente prueba de clase alguna."

El acusado sostiene que el veredicto es contrario a la prueba. La prueba que tuvo ante sí el jurado establece la comisión del delito imputado.

*Se confirmará la sentencia apelada.*